UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MAXWELL RUFFIN,

                     Plaintiff,            **MEMORANDUM AND ORDER**

    v.                                                     20-cv-04128 (ST)

UNITED STATES OF AMERICA,
UNITED STATES POSTAL SERVICE and
E. GIANNOPOULOS,

                     Defendants.
------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

       Maxwell Ruffin ("Plaintiff") commenced this action against the United States of America (the "Government"), the United States Postal Service ("USPS"), and Evangelos Giannopoulos ("Giannopoulos") (together, "Defendants") on September 3, 2020, alleging a claim under the Federal Tort Claims Act ("FTCA"). Defendants filed a Motion to Dismiss Plaintiff's Complaint. For the reasons set forth below, Defendants' Motion is GRANTED.

   **I.   BACKGROUND**

      **a.  Factual Background**

       The incident from which this action arises occurred at approximately 4:55 a.m. on September 8, 2019. *See* Compl., Dkt. No. 1. Plaintiff was operating a motor vehicle. *Id.* ¶ 13. Plaintiff was on the shoulder of the Long Island Expressway, at or near Exit 39 in Nassau County, New York. *Id.* A motor vehicle owned by the Government and/or USPS and operated by Giannopoulos came into contact with the vehicle operated by Plaintiff. *Id.* ¶ 21.

1

After the incident, Plaintiff sought medical attention. *Id.* ¶ 26. On September 16, 2019, Plaintiff served a Notice of Claim on USPS. *Id.* ¶ 5. USPS received the Notice of Claim on September 19, 2019. *Id.*

### b. Procedural Posture

Plaintiff commenced this action against Defendants on September 3, 2020, alleging a claim under the FTCA, 28 U.S.C. §§ 1291, 1346(b), 1402, 2401-2402, and 2671-2680. *See id.* ¶ 3. On December 4, 2020, Defendants filed their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *See generally* Notice Mot. Dismiss, Dkt. No. 15; Mem. Supp. Mot. Dismiss ("Mot."), Dkt. No. 15-1. The Motion has been fully briefed. *See generally* Mem. Opp'n Mot. ("Opp'n"), Dkt. No. 16; Reply Supp. Mot. ("Reply"), Dkt. No. 17. With his Opposition, Plaintiff submits available medical records for treatment of his alleged injuries. *See* Redenburg Decl., Exs. 2-5, Dkt. Nos. 16-3 – 16-6. The parties also filed supplemental materials addressing the Second Circuit's recent decision in *Collins v. United States*, 996 F.3d 102, 106 (2d Cir. 2021). *See* Defs.' Letter Resp. to May 13, 2021 Order ("Defs.' Letter"), Dkt. No. 22; Pl.'s Letter Resp. to May 13, 2021 Order ("Pl.'s Letter"), Dkt. No. 23.

## II. LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)). "Courts must accept as true all material factual allegations in the complaint and refrain from drawing from the pleadings inferences favorable to the party asserting jurisdiction." *Clarke v. U.S.*, 107 F. Supp. 3d 238,

243 (E.D.N.Y. 2015) (internal quotation marks and brackets omitted) (citing *Fox v. Commonwealth Worldwide Chauffeured Transp. of N.Y., LLC*, No. 08-CV-1686, 2009 WL 1813230, at *1 (E.D.N.Y. June 25, 2009)).  "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

### III.   DISCUSSION

Defendants argue this action should be dismissed because Plaintiff failed to satisfy the presentment requirement of the FTCA.  *See* Mot. at 11-14.  Specifically, Defendants contend Plaintiff "failed to provide any information to allow the USPS to evaluate his claim" and, despite notification by USPS, took no steps to correct "the defect in his presentment."  *See id.* at 13. Plaintiff opposes, asserting that he timely submitted a Standard Form 95 Notice of Claim ("SF-95") and that he could not have provided complete medical records as he was still undergoing treatment.  *See* Opp'n 3-7; Pl.'s Letter.  Plaintiff suggests that he may not have been able to obtain the records due to the COVID-19 public health crisis.  *See* Opp'n at 4-5.  Plaintiff further argues that the action should not be dismissed because USPS did not warn Plaintiff that it would raise jurisdictional defenses if he failed to respond to its requests.  *See id.* at 5-6.

#### a.   The FTCA's Presentment Requirement

"The United States, as a sovereign, is immune from suit unless it waives immunity and consents to be sued."  *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).  A waiver of sovereign immunity must be "unequivocally expressed" by statute and the scope of such a waiver should be "strictly construed . . . in favor of the sovereign."  *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999).  The FTCA provides a "limited waiver" of sovereign immunity and "allows for a tort suit

3

against the United States under specified circumstances." *Hamm v. United States*, 482 F.3d 135, 137 (2d Cir. 2007); *see* 28 U.S.C. § 1346(b)(1) (providing jurisdiction for civil actions for injuries due to the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant . . ."). However, before bringing suit under the FTCA, a claimant must exhaust all administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived."). The Government, not a Government agency or employee acting within the scope of his employment, is the proper party in an FTCA matter. *See* 28 U.S.C. §§ 2679(a)-(b)(a).[1]

The FTCA imposes the following presentment requirement on claimants seeking to sue the Government:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Presentment allows the government to "investigate, evaluate, and consider settlement of a claim," with an eye toward "easing court congestion and avoiding unnecessary litigation." *See Lee v. United States Dep't of the Army*, No. 11-CV-331 (RRM)(CLP), 2013

---

[1] Accordingly, the Court agrees with Defendants that USPS and Giannopoulos are not proper parties under the FTCA. *See* Notice Mot. Dismiss at 1 n.1; Mot. at 1 n.1; Reply at 1 n.1. USPS and Giannopoulos are thus dismissed as defendants and the Clerk of Court is respectfully directed to remove them from the caption. *See Henry v. United States Dep't of Homeland Sec.*, No. 10-CV-2164 (JFB)(ETB), 2011 WL 477719, at *3 n.1 (E.D.N.Y. Feb. 2, 2011) (removing United States Department of Homeland Security and Transportation Security Administration as defendants and substituting the Government); *Furman v. United States Postal Service*, 349 F. Supp. 2d 553, 556-57 (E.D.N.Y. 2004) (substituting the Government as defendant, in place of USPS and USPS employee).

4

4048329, at *4, 7 (internal quotation marks omitted), *aff'd sub nom. Lee v. United States*, 570 F. App'x 26 (2d Cir. 2014).

A claim is properly presented when the claimant "files (1) a written notice of claim that sufficiently describes the injury so that the agency can investigate and ascertain the strength of a claim and (2) a sum certain damages claim." *Romulus v. United States* ("*Romulus I*"), 983 F. Supp. 336, 340 (E.D.N.Y. 1997) (internal quotation marks omitted), *aff'd Romulus v. United States* ("*Romulus II*"), 160 F.3d 131 (2d Cir. 1998).  Importantly, the "mere act of filing a SF 95 does not necessarily fulfill the presentment requirement"; that is, "a claimant must provide more than conclusory statements which afford the agency involved no reasonable opportunity to investigate." *Romulus II*, 160 F.3d at 132.  While "a conclusory assertion of claims" will not suffice, the presentment requirement "does not necessarily require that a claimant provide an agency with supporting evidence." *Collins*, 996 F.3d at 105.

### b.  **Plaintiff Has Not Satisfied the Presentment Requirement**

The parties agree that USPS received Plaintiff's SF-95 on September 19, 2019.  *See* Compl. ¶ 5; Mot. at 3.  Therein, Plaintiff described his injuries as follows: "My injuries include, but are not necessarily limited to, [right] side neck [and] shoulder; mid[dle] [and] lower back." Herbst. Decl., Ex. A, Dkt. No. 15-3.  For these personal injuries, Plaintiff claimed he was owed $2,500,000.00.  *Id.*  In a letter dated September 23, 2019, USPS Tort Claims Examiner/Adjudicator Ann Mandernach ("Mandernach") requested Plaintiff's counsel provide "medical records and itemized bills for treatment . . . as well as support for any claimed wage loss."  Herbst Decl., Ex. C, Dkt. No. 15-5.  The letter cautioned that, without the requested materials, Mandernach "will be unable to properly evaluate the claim and will have no recourse but to issue a denial."  *Id.*  The letter further noted that USPS has "six months from September

5

19, 2019 to adjudicate this claim." *Id.*  In a second letter, dated April 8, 2020, Mandernach again requested medical records for treatment that Plaintiff received as a result of the accident.  *See* Herbst Decl., Ex. D, Dkt. No. 15-6.  Plaintiff does not dispute that he did not supply records per Mandernach's requests.  USPS denied Plaintiff's claim on September 15, 2020, after Plaintiff commenced this action.  *See* Herbst Decl., Ex. E, Dkt. No. 15-7.

In *Romulus I* and *Romulus II*, the Eastern District of New York granted, and the Second Circuit affirmed, dismissal of an FTCA claim under similar circumstances.  There, the plaintiffs each filed a SF-95 with USPS.  *Romulus I*, 983 F. Supp. at 337.  One SF-95 indicated that a plaintiff "sustained severe personal injuries to her head, body, and extremities, pain and suffering, and emotional distress" after a postal truck struck her vehicle.  *Id.*  The submission noted the date, time, and approximate location of the accident, but failed to include medical records or identify the USPS driver and the number of the vehicle.  *Id.*  USPS sent the plaintiff two letters requesting evidence related to the claim, to which she did not respond, and then denied her claim.  *Id.*  Thereafter, the plaintiffs brought suit under the FTCA.  The Government, as the defendant, sought dismissal on the grounds that plaintiffs failed to exhaust their administrative remedies as they did not properly present their claim.  *See id.* at 338-39.  The district court granted dismissal.  *Id.* at 344.  In doing so, it reasoned, "[p]ermitting a plaintiff to maintain an action after submitting a conclusory form that provided no information, especially where, as here, the plaintiffs failed to reply to requests for information that was solely within their possession would eviscerate [§ 2675(a)'s] purpose." *Id.* at 342.  The Second Circuit affirmed, explaining that "a Notice of Claim filed pursuant to the FTCA must provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth"

6

and that "plaintiffs failed to provide adequate information to permit the USPS to investigate their claims." *Romulus II*, 160 F.3d at 132.

As the parties have indicated, the Second Circuit's recent ruling in *Collins* is also relevant. In *Collins*, the plaintiff's counsel submitted to USPS a SF-95 and hospital bills for unspecified medical care. *Collins*, 996 F.3d at 106. The SF-95 identified the plaintiff's injuries as, "fractured left knee; 6 rib fractures (3 front, 3 back); left elbow, exposed bone and/or fracture; head; chest, including chest infection; equilibrium issues; blood infection." *Id.* In both the SF-95 and the transmittal letter, the plaintiff's counsel indicated the plaintiff was at present in the hospital a second time for treatment of the claimed injuries. *Id.* The Second Circuit reversed the district court's decision to grant dismissal. *Id.* at 119. In doing so, it found the information submitted by the plaintiff to be "sufficiently specific . . . to permit the agency to conduct an investigation and then to estimate the value of the claim," such that the plaintiff satisfied the presentment requirement. *Id.* at 114. It explained that the SF-95 indicated specific injuries, unlike the form discussed in *Romulus I*, and that the documents submitted with the SF-95 demonstrated that the plaintiff's injuries required hospitalization and readmission for further treatment. *Id.* at 112-13. The *Collins* Court also noted that USPS had "internal records" of the accident in the form of "reports of its on-scene investigator," and could access further information from a police accident report or from the USPS driver involved. *Id.* at 112.

This case much more closely resembles *Romulus I* and *II* than it does *Collins*. Unlike in *Romulus*, Plaintiff's counsel identified the driver of the USPS vehicle, Giannopoulos, in the SF-95 transmittal letter. *See* Herbst Decl., Ex. B, Dkt. No. 15-4. Otherwise, Plaintiff's allusions to right side neck and shoulder and middle and lower back injuries parallel the *Romulus* plaintiff's vague description of injuries to her "head, body, and extremities." *See* Herbst Decl., Ex. A;

7

*Romulus I*, 983 F. Supp. at 337.  Notably, Plaintiff's SF-95 and the accompanying transmittal letter prepared by counsel do not indicate that Plaintiff sought medical attention for his alleged injuries.  In sum, the claim lacks the specificity of the SF-95 in *Collins*, which identified, among other injuries, a blood infection and fractures of six of the plaintiff's ribs and his left knee, and was accompanied by a letter stating that the plaintiff was in the hospital.  *See Collins*, 996 F.3d at 106.  Moreover, Plaintiff's counsel did not provide USPS with records or bills when he submitted the SF-95.  When Mandernach informed Plaintiff's counsel that the submission was deficient and requested additional information so that she could "properly evaluate the claim," Plaintiff's counsel ignored her letter.  Herbst Decl., Ex. C; *see also* Herbst Decl., Ex. D (further requesting records).  Finally, there is nothing to suggest a USPS investigator was dispatched to the scene of the accident to prepare a report, as was the case in *Collins*.  The police accident report is silent as to Plaintiff's physical complaints and status, *see* Price Decl., Exs. A, B, Dkt. Nos. 15-9 – 15-10, and neither party suggests that Giannopoulos had information concerning Plaintiff's injuries.

  Plaintiff's SF-95 is insufficient to permit USPS "to conduct an investigation and then to estimate the value of the claim." *Collins*, 996 F.3d at 114.  By relying on only vague, conclusory statements concerning Plaintiff's alleged injuries, the form fails to "put USPS on notice . . . of the immediate" injuries and of potential "recovery challenges"; it does not "alert USPS to the scope of [Plaintiff's] alleged injuries." *See id.* at 113.  Accordingly, Plaintiff has not fulfilled the presentment requirement of FTCA § 2675(a).  *See Lee*, 2013 4048329, at *1, 5 (finding plaintiff failed to meet presentment requirement where notice of claim referencing "injuries to the neck, back, right shoulder" and "expenses for medical care, attention and treatment" "provided only a general description of his injuries and included no information that would allow the Army to

8

deduce the extent or severity of those injuries"); *Furman*, 349 F. Supp. 2d at 555, 558 (finding SF-95 claiming plaintiff sustained "serious, severe and permanent injuries" was "not specific enough to serve the purpose of the FTCA," and that plaintiff thus failed to exhaust administrative remedies) (internal quotation marks omitted).

The Court is not persuaded by Plaintiff's arguments to the contrary. In his supplementary letter, Plaintiff argues that his SF-95 meets the presentment requirement as it is described in *Collins*. This Court disagrees. As Plaintiff notes, the "presentment requirement mandates that the claimant present the agency with sufficient information . . . to alert the agency to the basis for his claim, *the nature of his injuries*, and the amount of damages sought . . . ." *Collins*, 996 F.3d at 105 (emphasis added). While *Collins* makes clear that a claimant who provides an agency with sufficiently specific information does not necessarily need to submit substantiating evidence, *id.* at 105, 119, it reiterates that such a claim "must provide more than merely conclusory statements," *id.* at 111 (quoting *Romulus II*, 160 F.3d at 132). As discussed above, Plaintiff's SF-95 does not adequately describe the nature of his injuries. Rather, the description provided is of the vague and conclusory sort that the Eastern District and Second Circuit found insufficient in *Romulus*.

The Court will next address Plaintiff's argument that he had just begun treatment when he received the first letter from USPS, and thus could not have provided complete records. *See* Opp'n at 3-4. First, Mandernach's September 8, 2019 letter does not specifically request all records. *See* Herbst Decl., Ex. C (stating, "please provide me with your medical records and itemized bills for treatment received in connection with the above-referenced incident . . ."). Second, though Mandernach's April 8, 2020 letter requests "[a]ll medical records," Herbst Decl., Ex. B (emphasis omitted), there is nothing to suggest that USPS would automatically "deem[]

9

said incomplete records as all of Plaintiff's records," as Plaintiff feared, Opp'n at 4 (emphasis omitted). The Court is not convinced that Plaintiff's ongoing treatment and Mandernach's April 8, 2020 request for all records somehow precluded Plaintiff from submitting partial records. *See Camizzi v. United States*, No. 10-CV-949A, 2011 WL 32562, at *1, 3 (W.D.N.Y. Jan. 5, 2011) (denying dismissal and explaining "the nature and quality of the information that plaintiff submitted might have created a substantive deficiency, but it did not create a jurisdictional one," where plaintiff provided USPS with some but not all of requested information). Moreover, and perhaps more importantly in light of *Collins*, it is not clear how Plaintiff's ongoing treatment prevented him from providing USPS with a more detailed description of his alleged injuries.

Plaintiff further suggests that the COVID-19 public health crisis might have frustrated attempts to obtain records. *See* Opp'n at 4-5. However, as the Government indicates, many of the records that Plaintiff submits with his Opposition predate former Governor Cuomo's March 18, 2020 Executive Order, to which Plaintiff refers. *See* Redenburg Decl., Ex. 2 (including invoice dated October 9, 2019 and hospital records that state, "Printed on 10/7/19"); Redenburg Decl., Ex. 4 (records dated in October and November 2019). Relatedly, there is nothing to indicate that the COVID-19 pandemic prevented Plaintiff from furnishing USPS with a more detailed description of his injuries or the treatment sought.

Finally, Plaintiff contends that it was "incumbent upon" USPS to notify Plaintiff that it would raise jurisdictional defenses. Opp'n at 3. In failing to do so, Plaintiff asserts, USPS "lulled" him into "a false sense of security." *Id.* at 3-4. Plaintiff proceeds to note that neither of Mandernach's letters indicate that, by failing to respond to USPS's requests, Plaintiff may not have satisfied the FTCA's presentment requirement. *Id.* at 4. Tellingly, Plaintiff does not cite

10

any authority that requires an agency to issue such a warning.² Though, as Plaintiff avers, the letter to the *Romulus* plaintiffs stated, "if you fail to furnish the information requested, you will not have presented valid claims . . . and you may not have met the jurisdictional requirement of filing an administrative claim as required by 28 U.S.C. 2675(a)," the court did not comment on whether this warning was necessary. *Romulus I*, 983 F. Supp. at 337. Accordingly, the Court finds Plaintiff's argument unavailing.³

For the reasons discussed above, Plaintiff has failed to satisfy the presentment requirement. This Court thus lacks jurisdiction over Plaintiff's claim. *See Lee*, 2013 WL 4048329, at *4 ("presentment requirement is jurisdictional and cannot be waived"). The Government's Rule 12(b)(1) Motion to Dismiss is therefore granted.

### c. Dismissal is Without Prejudice

Plaintiff contends that, if the Court grants the Government's Motion, dismissal should be without prejudice. *See* Opp'n at 7-8. The Government rebuts that dismissal should be with prejudice because Plaintiff's failure to properly present his claim cannot be cured and "there is

---

² To the contrary, at least one court in this district has disapproved of imposing an "additional burden" on an agency in connection with the presentment requirement. *See Donahue v. United States Transp. Sec. Admin.*, 457 F. Supp. 2d 137, 143 (E.D.N.Y. 2006). Per *Donahue*, the "Government is under no obligation to solicit information to ensure that jurisdiction is proper"; instead, an agency's decision to inform a claimant of a defective filing is a mere "courtesy." *Id.* (explaining that creating requirement "would be in conflict with the purpose of FTCA's pleading requirements, which is to aid the Government in estimating a claim's worth, conducting an investigation, and expediting the settlement of the plaintiffs' claims").

³ Plaintiff also asserts that USPS "constructively denied Plaintiff's claim" when it did not issue a formal denial within six months. Opp'n at 6. Section 2675(a) provides that the "failure of an agency to make a final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." However, the issue here is not whether Plaintiff's administrative claim was finally denied; rather, the issue is whether the claim was properly presented. *See Romulus I*, 983 F. Supp. at 343 ("since there was no proper presentment, the first element of the [§ 2675(a) presentation] requirement is not met"). Accordingly, Plaintiff's argument concerning denial of his claim is misplaced.

no viable avenue by which Plaintiff can resubmit a valid complaint." Reply at 10-11.[4] "[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice." *Hernandez v. Contriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999); *see Leytman v. United States*, 832 F. App'x 720, 722 (2d Cir. 2020) (vacating dismissal of FTCA claim *with* prejudice and remanding with instruction to dismiss *without* prejudice, where claim was dismissed for lack of jurisdiction due to plaintiff's failure to meet presentment requirement). Because this Court lacks subject matter jurisdiction due to Plaintiff's failure to fulfill the FTCA's presentment requirement, dismissal is without prejudice.[5]

---

[4] Citing the Code of Federal Regulations, the Government's Reply asserts that Plaintiff may not amend his administrative claim because he did not seek reconsideration within six months of denial and because he already commenced the instant action pursuant to the FTCA. *See id.* at 8-9 (citing 39 C.F.R. §§ 912.5(b), 912.9(b)). While the Motion focuses on dismissal for lack of presentment, the Reply refers to Plaintiff's inability to cure his failure to properly present his claim as an additional reason the case must be dismissed. *See id.* at 11. Plaintiff has thus not had an opportunity to respond to this latter argument.

[5] Relatedly, as Plaintiff has not sought equitable estoppel, the Court declines to comment on the Government's argument that equitable estoppel does not apply. *See* Mot. at 14-16.

## IV.  CONCLUSION

For the foregoing reasons, USPS and Giannopoulos are dismissed as defendants and the Clerk of the Court is respectfully directed to remove them from the caption.  The Government's Motion to Dismiss pursuant to Rule 12(b)(1) is GRANTED and Plaintiff's claim is dismissed without prejudice.

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated:  Central Islip, New York
September 27, 2021